UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JULIANNE P., | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )      No. 2:22-cv-00064-JDL |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| **Defendant** | ) |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that, after the Administrative Law Judge (ALJ) found that she could never interact with the general public, he erred in concluding that she could return to her past relevant work without asking her or a vocational expert whether that work required public interaction. *See* Statement of Errors (ECF No. 13). For the reasons that follow, I recommend that the Court affirm the Commissioner's decision.

### I. Background

After her claims were denied at the initial and reconsideration levels, the Plaintiff requested a hearing before an ALJ. *See* Record at 78-88, 90-100, 102-12, 114-24, 151. That hearing took place in May 2021, *see id.* at 41-67, after which the ALJ issued a written decision finding that the Plaintiff had the severe impairments of multilevel degenerative disc disease, carpal tunnel syndrome, anxiety disorder,

1

personality disorder, and post-traumatic stress disorder, *see id.* at 15-33. The ALJ

went on to find that the Plaintiff had the residual functional capacity (RFC) to

perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with certain

additional limitations, including that she could never interact with the general

public. *See id.* at 21. Concluding that such an RFC would allow the Plaintiff to return

to her past relevant work as an office cleaner and housekeeper, the ALJ found her

not disabled. *See id.* at 32-33. The Appeals Council denied the Plaintiff's request to

review the ALJ's decision, *see id.* at 1-3, making that decision the final determination

of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine

whether it is based on the correct legal standards and supported by substantial

evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9

(1st Cir. 2001). Substantial evidence in this context means evidence in the

administrative record that a reasonable mind could accept as adequate to support an

ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's

findings are supported by substantial evidence, they are conclusive even if the record

could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum.

Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters

entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

2

### III.  Discussion

At Step 4, the ALJ found that the Plaintiff could perform her past relevant work as an office cleaner (as actually and generally performed) and housekeeper (as actually performed).  *See* Record at 32-33.  In so finding, the ALJ "relied generally upon the testimony of the vocational expert" (VE) who testified at the hearing; the ALJ acknowledged, however, "that the limitation regarding interaction with the general public" that he included in his RFC assessment "was not included in the hypothetical posed to the" VE.  *Id.* at 33.  Nevertheless, the ALJ found that the limitation "would not preclude [the Plaintiff's] performance of" her past relevant work "as actually performed" because she "did not report working with the general public" in either position.  *Id.*

In seeking remand, the Plaintiff raises questions regarding the proper classification of her past relevant work under the *Dictionary of Occupational Titles* (*DOT*) and the requirements of that work as generally performed (that is, as described in the *DOT*).  *See* Statement of Errors at 5-9.  She also points to evidence that, according to her, shows that her job as a housekeeper actually required her to interact with members of the public.  *See id.* at 8.  Her primary argument, however, is that the ALJ failed to adequately develop the record because he did not ask her or the VE whether her past relevant work required her to interact with the general public. *See id.* at 1, 6-9.

To keep my analysis simple, I will focus on the ALJ's finding that the Plaintiff could perform her work as an office cleaner as she actually performed it.

To begin with, the Plaintiff's *DOT*-related challenges are simply irrelevant to the ALJ's finding that the Plaintiff could perform her work as an office cleaner as she *actually* performed it.   *See Malusa v. Astrue*, No. CV 07-655-TUC-CKJ (CRP), 2009 WL 2707219, at *14 (D. Ariz. Aug. 25, 2009) (noting that the *DOT* describes "how a job is generally performed" (cleaned up)); *Pruitt v. Comm'r of Soc. Sec.*, 612 F. App'x 891, 894 (9th Cir. 2015) (holding that the *DOT* requirements for a job were "irrelevant" when the ALJ found that the claimant "could perform her work as she actually performed it"); *Vachon v. Colvin*, No. 2:15-cv-112-JHR, 2015 WL 5736837, at *3 (D. Me. Sept. 29, 2015) (citing *Malusa* and *Pruitt* and holding that any purported *DOT* inconsistencies were harmless in light of the ALJ's finding that the claimant could perform his past relevant work as actually performed).

The Plaintiff's argument that the ALJ had a duty to develop the record by asking her whether her office cleaning job required interaction with the general public is also unavailing.  The Plaintiff—who was represented by counsel[1] at the administrative hearing—had the burden to prove at Step 4 that she was unable to perform her past relevant work and an obligation to develop the record regarding the requirements of that work at the hearing.  *See* Record at 41, 44; *Vachon*, 2015 WL 5736837, at *4 (rejecting the argument the ALJ should have questioned a claimant about his past relevant work and noting that it was the claimant's counsel's duty "to develop the record at the hearing as to the requirements of the [claimant's] past work"); *Faria v. Comm'r of Soc. Sec.*, No. 97-2421, 1998 WL 1085810, at *1

---

[1] The Plaintiff is represented by different counsel in this appeal.

(1st Cir. Oct. 2, 1998) ("When a claimant is represented, the ALJ[ ] should ordinarily be entitled to rely on claimant's counsel to structure and present the claimant's case in a way that claimant's claims are adequately explored." (cleaned up)).

Moreover, as the Commissioner notes, *see* Opposition (ECF No. 13) at 6-7, the Plaintiff was asked to describe her office cleaning job at the hearing and in several work history reports and never described any duties for that job that involved interacting with the public, *see* Record at 47-48, 69-70, 340-43, 375-77.[2]  Rather, she consistently described her position as an "Evening Cleaner" or "Evening Office Cleaner," *id.* at 69-70, 340-43, 375-77, and even told one of her medical providers that she worked cleaning offices at night specifically because her "social anxiety prevent[ed] her from seeking employment during the daytime," *id.* at 421.  The Plaintiff disputes that her work history reports and statement to her counselor establish that she was never required to interact with the public as part of her evening office cleaning job, but the bottom line is that she had the burden to demonstrate that she could not return to her past relevant work on this basis and—as the ALJ supportably found—she did not do so.

The Plaintiff's argument that the ALJ should have sought vocational testimony on the issue of how her office cleaning was actually performed fails for the

---

[2] The Plaintiff notes that she was never specifically asked whether her work as an office cleaner involved interacting with the public.  *See* Statement of Errors at 7-8.  But again, the burden was on her to develop the record at Step 4.  She also states in passing that "the evidence of record" indicated that the position "may have required at least occasional interaction with the public."  *Id.* at 9.  She does not however, actually cite to any such evidence, thereby waiving the point.  Finally, the Commissioner notes that the Plaintiff reported that she "sanitiz[ed] public areas" as part of the job.  Opposition at 6 (quoting Record at 70).  As the Commissioner persuasively argues, however, cleaning public office areas in the evening "hardly implies any members of the public were present at the time," *id.* at 6-7, and the Plaintiff did not argue otherwise at oral argument.

same reason. The VE could have testified how an office cleaning job is generally performed or translated the Plaintiff's description of how she actually performed the job into *DOT* terms; but given that the Plaintiff never indicated that she had to interact with the public as part of the job, the VE could not have shed any additional light on that issue. *See* SSR 82-62, 1982 WL 31386, at *3 (1982) ("*The claimant is the primary source for vocational documentation,* and statements by the claimant regarding past relevant work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." (emphasis added)).

At bottom, the ALJ's finding that the Plaintiff could perform her work as an office cleaner as she actually performed it survives the Plaintiff's challenges. As such, the Plaintiff's other challenges to the ALJ's Step 4 findings would amount to no more than harmless error. *See* 20 C.F.R. §§ 404.1560(b), 416.960(b) (providing that a claimant is not disabled if she has the RFC to perform her past relevant work as she "actually performed it or as generally performed in the national economy"); *cf. Cox v. Astrue,* No. 2:10-cv-26-DBH, 2010 WL 5260843, at *4 n.4 (D. Me. Dec. 16, 2010) (rec. dec.) (holding that an ALJ's error in finding that one of the claimant's jobs constituted past relevant work was harmless where he also found her capable of performing other past relevant work at Step 4), *aff'd,* 2011 WL 13538 (D. Me. Jan. 4, 2011). Remand is therefore unwarranted.

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: December 8, 2022

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge

7